## Case No. 14,190.

TROTT et al. v. WOOD.

[1 Gall. 443.] [1]

Circuit Court, D. Rhode Island.    June Term, 1813.

SHIPPING — CARRIAGE OF GOODS — RESHIPMENT — USAGE.

1. The owner of a ship has no right, without necessity, to change the vehicle of conveyance of goods shipped for the voyage on freight.

[Cited in Marx v. National Steamship Co., 22 Fed. 682; Calderon v. Atlas Steamship Co., 64 Fed. 878.]

[Cited in Green & B. R. Nav. Co. v. Marshall, 48 Ind. 598; Schroeder v. Schweizer Lloyd Transport Versicherung's Gesellschaft, 66 Cal. 297, 5 Pac. 480.]

2. A usage to control this general principle should be very clear and uniform, otherwise it ought not to affect the rights of the parties.

[Cited in Baxter v. Leland, Case No. 1,124; Bulkley v. Protection Ins. Co., Id. 2,118.]

[Cited in Bank of U. S. v. Beirne, 1 Grat. 254; Crosby v. Fitch, 12 Conn. 417, 422; Desha v. Holland, 12 Ala. 513; Farnsworth v. Chase, 19 N. H. 541; Janney v. Boyd, 30 Minn. 320, 15 N. W. 308. Cited in brief in Laussatt v. Lippincott, 6 Serg. & R. 388; Meldrum v. Snow, 9 Pick. 443. Cited in Natchez Ins. Co. v. Stanton, 2 Smedes & M. 340. Cited in brief in Pawson's Adm'rs v. Donnell, 1 Gill & J. 44. Cited in Power v. Kane, 5 Wis. 269.]

Assumpsit for not transporting certain merchandize from Providence to New York, in a packet sloop belonging to the defendant [John Wood]. It appeared from the evidence, that the merchandize was shipped at Providence, in the defendant's packet, for New York; that the packet sailed as far as Newport, where the owner lived, and the merchandize was there unshipped and sent on in another packet, which was captured in her passage down the sound, by the British squadron, and thereby the merchandize was finally lost. The defense at the trial was (1) that the packet wanted some repairs, and therefore the trans-shipment was necessary; and (2) that by the custom of the trade, it was lawful to trans-ship the goods in another packet, without any special authority for that purpose. As to the first point, the evidence was, that some slight repairs were necessary; but that the packet might have been, and actually was, repaired in a short time, so as to have been fit to perform the voyage. As to the second point, there was considerable testimony on each side.

Mr. Bridgham, for plaintiffs.
Searle & Burrill, for defendant.

STORY, Circuit Justice, directed the jury, that when goods were shipped on board of a vessel, to be sent to another port, the owner of the vessel had no right to change the vehicle of conveyance without necessity.[2] That great inconvenience might arise from a contrary decision to the commercial world, as every merchant might well be presumed to ship his property in a particular vessel, not only from his knowledge or information of her character as to sailing and seaworthiness, but also from his confidence in the master and owner of the ship. If, in the course of the voyage, the ship were disabled or wanted repairs, the master was bound to have the ship refitted, if it could be done within a reasonable time. But if the ship were incapable of repairs within a reasonable time, then he might transport the goods in another ship to the place of destination, and thereby earn his whole freight. In every such case the master was justified in the change of the ship, by necessity only; and if done without necessity, the owner was responsible for all losses consequent thereon. And this was founded in good reason; for the shipper would, by the change of the ship without necessity, lose the security, which he might otherwise derive from any insurance made on the voyage.[3] That in the present case, if the jury believed the evidence, there was no such necessity as authorized the transshipment. As to the question of usage, in order to support that defence, it was not sufficient that a few instances could be produced, in which masters in the trade had trans-shipped goods, and no objection had been made. The course of the trade must be uniform and general, to entitle it to be considered as a legal defence. It should be so well settled, that persons engaged in the trade must be considered, as contracting with reference to the usage; and as the proof of such usage lay on the defendant, the jury ought not to change the general principles of the law, as to the rights of the parties, unless the usage were fully proved to be uniform, and independent of the consent of particular shippers.

The jury found a verdict for the plaintiffs.

---

TROTTER (BUCHANAN v.). See Case No. 2,075.

TROTTER (NEW JERSEY ZINC CO. v.). See Case No. 10,167.

TROUT (HOLMES v.). See Case No. 6,645.

TROUT (UNITED STATES v.). See Case No. 16,542.

---

[1] [Reported by John Gallison, Esq.]
[2] S. P., Consolato del Mare, c. 89.

[3] Roccus de Assec. N. 28; Santerna, p. 3, n. 35; Pelly v. Royal Exch. Assur. Co., 1 Burrows. 351; Plantamour v. Staples, 1 Term R. 611, note; 1 Emerig. Ins. 424, 425.
[1] [Reprinted by permission.